95 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry D. WILLIAMS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 96-3036.
 United States Court of Appeals, Federal Circuit.
 Aug. 15, 1996.
 
 Before RICH, NEWMAN, and MAYER, Circuit Judges.
 
 Decision
 PER CURIAM
 
 1
 Larry D. Williams (Williams) petitions for review of the initial decision of the Merit Systems Protection Board (board), dated 25 July 1995 in Docket No. AT-0752-95-0711-I-1. In the initial decision, the administrative judge (AJ) dismissed Moore's appeal for failure to prosecute. The 25 July decision became the final decision of the board on 10 October 1995 when the board declined Williams's petition to review it. We affirm.
 
 Discussion
 
 2
 Williams was employed by the United States Postal Service (agency) as a Part-Time Flexible Clerk. The agency removed him effective 14 March 1995, and he filed a timely appeal of his removal with the board.
 
 
 3
 The AJ assigned to Williams's case issued a series of orders. Williams failed to comply with the AJ's 8 May 1995 order, which set a date and time for a prehearing conference and required the parties to file prehearing submissions. He also failed to comply with the AJ's 31 May 1995 order, which was an order to show cause why the AJ should not impose sanctions for Williams's failure to comply with the 8 May order. The 31 May order advised Williams that his failure to comply could result in dismissal of his appeal. Then, on 20 June 1995, the AJ issued a second order to show cause. Williams failed to completely comply with the 20 June order, but provided the following justification for his failure to comply with the earlier orders:
 
 
 4
 I have been working hard; both physically and mentally on my actions that I have done to the USPS. My working hours for 2 jobs have attributed mainly to the reason for not answering or being present by the phone.... I am not denying what I have done; or to show unjustly cause.... And as for my most obvious of all reasons [for not responding] is the fact that there seems to be an open & closed case against me.
 
 
 5
 Thereafter, based upon Williams's noncompliance with board orders and his failure to show good cause for the noncompliance, the AJ issued an initial decision dismissing Williams's appeal for failure to prosecute.
 
 
 6
 Title 5, section 7703, of the United States Code strictly limits and defines our review of board decisions. We must affirm the board's decision unless it is
 
 
 7
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 9
 (3) unsupported by substantial evidence.
 
 
 10
 5 U.S.C. § 7703(c) (1994).
 
 
 11
 Under the board's regulations, an AJ has authority to dismiss an appeal for failure to prosecute. 5 C.F.R. § 1201.43(b) (1995). Further, repeated failure to respond to board orders may support dismissal of an appeal for failure to prosecute. See Ahlberg v. Department of Health & Human Servs., 804 F.2d 1238, 1242-43 (Fed.Cir.1986), cert. denied, 482 U.S. 913 (1987); Murdock v. Government Printing Office, 38 M.S.P.R. 297, 299 (1988). Under the facts of this case, we cannot say the board erred by dismissing Williams's appeal. Williams submitted no response at all to the board's 8 May and 31 May orders, and he did not explain how working two jobs prevented him from making some submission or from at least contacting the board about an extension.
 
 
 12
 Finding no reversible error, we affirm.